UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-5585  FMO (JPRx) | Date | August 17, 2015 |
|---|---|---|---|
| Title | Indie Source, Inc. v. Where I'm From Apparel, LLC | | |

| Present: The Honorable | Fernando M. Olguin, United States District Judge | |
|---|---|---|
| Vanessa Figueroa | None | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorney Present for Plaintiff(s): | Attorney Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:**   (In Chambers) Order: Pending Motion

On July 23, 2015, defendant Where I'm From Apparel, LLC ("defendant" or "WIF") removed plaintiff Indie Source, Inc.'s ("Indie") Complaint to federal court on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332.[1]  (See Notice of Removal ("NOR") at ¶ 6).  On July 30, 2015, WIF filed a Motion to Dismiss or Alternatively Transfer ("Motion").  WIF seeks dismissal on the basis of insufficient service of process.  (See id. at 1 & 4-5).  The Motion was set for oral argument on August 27, 2015.   (See id.).  The August 27, 2015, hearing date required plaintiff to file its Opposition to the Motion no later than August 6, 2015.  See Local Rule 7-9.  As of the filing date of this Order, plaintiff has not filed any opposition to defendant's Motion.

"A federal court does not have jurisdiction over a defendant unless the defendant has been served properly under Fed.R.Civ.P.4. . . . [W]ithout substantial compliance with Rule 4, neither actual notice nor simply naming the defendant in the complaint will provide personal jurisdiction." Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc., 840 F.2d 685, 688 (9th Cir. 1988) (internal quotation marks and citations omitted); Travelers Cas. & Sur. Co. of Am. v. Brenneke, 551 F.3d 1132 (9th Cir. 2009) ("A federal court is without personal jurisdiction over a defendant unless the defendant has been served in accordance with [Rule] 4."). Accordingly, an action may be dismissed for insufficient service of process under Rule 12(b)(5) of the Federal Rules of Civil Procedure.[2]  "Once service is challenged, plaintiffs bear the burden of establishing that service was valid under Rule 4." Brockmeyer v. May, 383 F.3d 798, 801 (9th Cir. 2004).

Rule 4 permits service upon an unincorporated association in a judicial district of the United States in a manner permitted under the law of the state where the district court is located, Fed.

---

[1] On July 31, 2015, the court issued an Order to Show Cause ("OSC") regarding jurisdiction, specifically as to the citizenship of WIF.  (See OSC).  After reviewing defendant's Response to July 31, 2015 Show Cause ("Response"), the court discharged the OSC.

[2] All further Rule references are the Federal Rules of Civil Procedure.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **CV 15-5585  FMO (JPRx)** | Date | **August 17, 2015** |
|---|---|---|---|
| Title | **Indie Source, Inc. v. Where I'm From Apparel, LLC** | | |

R. Civ. P. 4(h)(1)(A), (e)(1), or "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and – if the agent is one authorized by statute and the statute so requires – by mailing a copy of each to the defendant[.]"  Fed. R. Civ. P. 4(h)(1)(B).  California Code of Civil Procedure § 416.40, in turn, provides in relevant part that an unincorporated association may be served by delivering a copy of the summons and complaint "to the person designated as agent for service of process in a statement filed with the Secretary of State or the president or other head of the association, a vice president, a secretary or assistant secretary, a treasurer or assistant treasurer, a general manager, or a person authorized by the association to receive service of process[.]"  Cal. Code Civ. P. 416.40(b).

WIF contends service was insufficient.  (See Motion at 4-5).  According to WIF, it first learned of the lawsuit through a friend of one of its members, and later via the member's father who was served with the summons and complaint.  (See Declaration of Andrew Vanderlind at ¶¶ 16-17).  Neither the friend nor the father was - or is - a an agent, employee, member, or owner of WIF.  (Id.).  Because Indie has not filed an Opposition to the Motion, the court has no basis to determine whether plaintiff has met its burden of establishing that service was proper.  Accordingly, the court will grant the Motion and dismiss the action without prejudice.

**This Order is not intended for publication.  Nor is it intended to be included in or submitted to any online service such as Westlaw or Lexis**

Based on the foregoing, IT IS ORDERED THAT Defendant's Motion to Dismiss or Alternatively Transfer **(Document No. 7)** is **granted in part** and **denied in part**.  The motion to dismiss is granted for insufficient service of process.  The motion to transfer is denied as moot.  Judgment shall be entered accordingly.

|  | 00 | : | 00 |
|---|---|---|---|
|  | Initials of Preparer | | VDR |